HELENA V. STANTON *et al. vs.* MARY K. SULLIVAN *et al.*

JULY 18, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   This is a bill for partition of real estate, which was certified to this court by the superior court for the determination of a question of law that is of "such doubt and importance, and so affects the merits of the controversy, that it ought to be determined by the supreme court before further proceedings."   G. L. 1923, chap. 339, sec. 36, (G. L. 1938, ch. 545, §5).

This same matter was recently before this court and was sent back to the superior court because it was here prematurely as a result of improper procedure in the superior court.   *Stanton* v. *Sullivan,* 62 R. I. 154, 4 A. 2d. 269.   The defects in procedure therein pointed out having been corrected, the cause is now properly in this court for our determination of the question of law which has been certified.

That question is: "Have the complainants, or any of them, such an estate in the real estate described in said bill of complaint, and devised by the will of James H. Whalen, deceased, as entitles them, or any of them, to partition of the entire fee therein?"   The complainants contend that it should be answered in the affirmative; the respondents contend that it should be answered in the negative, and in this contention they are joined by the guardian *ad litem* of Eileen Whalen, a minor respondent.

The following facts appear from the bill of complaint. James H. Whalen, a widower, died testate in the city of Pawtucket on May 26, 1936. His will was duly admitted to probate by the probate court of the city of Pawtucket on June 24, 1936 and no appeal has been taken therefrom. He was survived by two daughters, Helena V. Stanton, one of the complainants, Mary I. Sullivan, one of the respondents, and Eileen Whalen, a minor daughter of the testator's deceased son, James Whalen, these being his only heirs at law and next of kin.

The complainants in this cause are Helena V. Stanton and her two children, Joseph Stanton and a minor daughter, Ellen T. Stanton, both of whom were living at the time of the execution of the testator's will and at the time of his decease. Margaret H. Stanton, wife of Joseph Stanton, is also a complainant. The respondents are Mary I. Sullivan and her adult son, Francis Sullivan, who was also living at the times above referred to, and the above-mentioned Eileen Whalen.

The sole real estate owned by the testator at his death was a three-family dwelling house and a three-stall garage situated on Mulberry street in said Pawtucket. Mary I. Sullivan occupied the first floor tenement and Helena V. Stanton occupied the third floor tenement. They are the two life tenants referred to in the testator's will.

The testator disposed of his real estate by his will in the manner following:

> "Twelfth: I give and devise all of the real estate of which I may die seized and possessed to my said daughters, Helena Stanton and Mary Sullivan, in equal shares, for and during the respective terms of their natural lives. It is my intention hereby to devise an undivided half interest in my real estate to each of my daughters herein named, the said undivided half interest to be held by each so long as each or either of them shall live.

Thirteenth: Upon the death of either Helena Stanton or Mary Sullivan, I give, devise and bequeath the undivided half interest in said real estate in which the one so dying had a life interest, to the child or children of the one so dying, To Have and To Hold the said undivided half interest in said real estate, as joint tenants, for and during the natural life of the survivor of the life tenants referred to in paragraph 'Twelfth' of this will.

Fourteenth: Upon the death of the last of the two life tenants referred to in paragraph Twelfth of this will, I give and devise said real estate to the children of my two daughters Mary Sullivan and Helena Stanton, who are living at the time of the death of the last of the two life tenants above referred to, the said real estate to be held by said children in equal shares, it being my intention that they should take per capita and not per stirpes."

There is no residuary clause disposing of this real estate in the event that both life tenants die without leaving any children surviving them.

The right to demand partition is entirely dependent upon the construction to be given to our statute of partition, G. L. 1923, chap. 381, sec. 20, which reads as follows: "Partition, either at law or in equity, may be made of any lands, tenements or hereditaments between the person or persons who hold the fee of any share or shares thereof, and the person or persons who hold or are or may be entitled to any share or shares thereof, for life or in reversion or remainder, and whether such remainder be vested or contingent, and whether it be to persons in being and ascertained or to persons not in being or to be ascertained thereafter, or subject to be opened to let in those afterwards to come into being or having other interests whatsoever vested or contingent therein: *Provided,* that all persons in being at the time of the commencement of the suit for partition, interested in the estate, be made parties to the proceedings and their title or interest fully shown upon the record by the plead-

ings; *and provided also,* that before final judgment or decree for partition or sale in any such case the court shall appoint some discreet person to represent the interest of persons, if any, not then in being, whose reasonable charges, as allowed by the court, shall be taxed in the costs and be a charge upon the share or shares of the estate in which such parties not in being shall or may be interested."

Clearly under this language the party or parties complainant must hold the fee in a share or shares of the real estate to be partitioned. This proposition is apparently not in controversy in the instant cause, but what is in controversy is the claim of these complainants that the children of Helena V. Stanton and Mary I. Sullivan do in fact, by virtue of the testator's will, hold the fee of a share of testator's real estate. The respondents strenuously contend that the children do not hold such a fee within the meaning and purport of the language of sec. 20 above quoted.

What is the "fee of any share or shares" of real estate as those words are used in this section? "A fee is an estate of inheritance without condition, belonging to the owner, and alienable by him, or transmissible to his heirs absolutely and simply. It is an absolute estate in perpetuity, and the largest possible estate a man can have, being, in fact, allodial in its nature." Black's Law Dictionary, (2d ed.) 487. And Tiffany says "the word 'fee' alone, without any qualifying words, serves to designate a fee simple estate, and is not infrequently used in that sense. . . . So, in this country, a fee simple is the absolute and entire property in the land . . . ." Law of Real Property, Vol. 1, sec. 20, p. 43.

The word "fee" as used in our statute must be given, not a liberal or convenient construction to fit the exigencies of a particular case, but a firm construction that will apply generally as a fixed and definite rule of law. Section 20 grants partition of real estate "between the person or persons who hold the fee of any share or shares thereof, and

the person or persons who hold or are or may be entitled to any share or shares thereof, for life or in reversion or remainder, and whether such remainder be vested or contingent, *etc.*" This language clearly imports two classes of persons; on the one side those who hold a present absolute fee of any share or shares of the real estate, and on the other those who have all the other estates and interests which may be present or future, in reversion or remainder, vested or contingent.

As we read the statute, this means that there must be some person or persons who hold presently the absolute fee of a share or shares and desire a division of the real estate in order to enjoy their share or shares in severalty. Our statute has been declared to be "very broad in its terms, covering interests both vested and contingent, those ascertained and to be ascertained, and persons living and those who may be born." *Aylesworth* v. *Crocker,* 21 R. I. 436. But the court was there considering interests liable to partition and not interests that could demand partition. We have found no case in this state in which this court has held that one not holding an absolute fee in possession could demand partition under sec. 20 of our statute.

The reasons underlying the need for such a right of partition among coparceners and cotenants and joint tenants are themselves cogent reasons for holding that only those who have an absolute fee in possession may demand partition. These reasons have been well stated by Freeman on Cotenancy and Partition, (2d ed.), §440, p. 582: "The mischief attending the ownership of estates in cotenancy, which the various statutes of partition were intended to avoid, was that which arose from disputes in regard to the occupancy of lands. Independent of these statutes, it was possible for each cotenant to harass the others beyond endurance through a vicious assertion of his undoubted right to be in possession of every part of the lands of the cotenancy.

No one of the cotenants could use or cultivate any specified part of the common lands to the exclusion of his fellow-tenants; and hence neither cotenant had that incentive to improve or even to cultivate the lands of the cotenancy which would invariably attend a tenancy in severalty. Through the operation of the writ of partition, it was intended that the undivided possession should be severed, and that each person having the right to be in possession of the whole property should exchange that right for one more exclusive in its nature, whereby, during the continuance of his estate, he should be entitled to the sole use and enjoyment of some specific purparty. But persons having estates in land under which they had no right to possession, were in no respect inconvenienced or damnified by the undivided possession held by others. Tenants of estates in reversion or in remainder were not permitted to interfere with tenants in possession, because the former had no reason to interest themselves concerning the manner in which the estates of the latter should be enjoyed." We cannot see how the fact that the children of the life tenants may have vested remainders, as argued by the complainants, can make any difference in this matter. Assuming that the testator's will is so construed, still it does not give to any of these children an absolute fee of any kind, within the meaning of sec. 20.

By the terms of the testator's will these complainants do not hold an absolute fee in possession of any share of this real estate for the obvious reason that the freehold is in the two life tenants, Helena V. Stanton and Mary I. Sullivan, and until the death of both of them it is uncertain who will ultimately enjoy the fee in possession.

We have carefully weighed and considered the argument of complainants and the citations of authority in support thereof as set forth in their brief, and restated in their supplemental brief, but in view of our construction of the statute they do not support the view that the complainants

are entitled to demand partition under sec. 20. This must be so because the requirement of the above-quoted statute is not satisfied, namely, that the complainant or complainants, in order to compel partition of any real estate, must be "the person or persons who hold the fee of any share or shares thereof."

For the reasons stated, we answer the question certified to us in the negative. The papers are ordered sent back to the superior court for further proceedings.

*Thomas L. Carty,* for complainants.

*Woolley, Blais & Quinn, John F. Quinn,* for respondents.

*Francis R. Foley,* Guardian *ad Litem,* for respondent Eileen Whalen.